**BURSOR & FISHER, P.A.**
Sean L. Litteral (State Bar No. 331985)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: slitteral@buror.com

**BURSOR & FISHER, P.A.**
Rachel L. Miller (*pro hac vice* forthcoming)
701 Brickell Ave., Suite 1420
Miami, FL 33131
Tel: (305) 330-5512
Facsimile: (305) 676-9006
E-mail: rmiller@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMMA RIVERA and MARISA FRANZ, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>KNIX WEAR INC.,<br><br>  Defendant. | Case No. 5:22-cv-02137-EJD<br><br>**DECLARATION OF SEAN L. LITTERAL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RULE 11 SANCTIONS** |

I, Sean L. Litteral, declare as follows:

1. I am an associate at the law firm of Bursor & Fisher, P.A., counsel to Plaintiffs Gemma Rivera and Marisa Franz. I make this declaration in support of Plaintiffs' Opposition to Defendant's Motion for Rule 11 Sanctions. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

2. I focus my practice on consumer protection. As a result, I have extensive knowledge concerning the area of consumer protection, including legal jurisprudence, policy, and consumer-driven campaigns and movements.

3. The complaint in the above-entitled matter was filed on April 4, 2022.

3. Prior to filing the complaint, I conducted extensive research regarding consumers' concern about harmful substances in consumer products, including per- and polyfluoroalkyl substances ("PFAS"). My interest in PFAS began in 2016 when I interned at Taft Stettinius & Hollister LLP, where Robert Bilot spearheaded litigation concerning PFAS against Dupont.

4. Prior to filing the complaint, I reviewed several sources concerning harmful substances in consumer products, and I consulted an expert who is a biochemist.

5. I also conducted other factual research concerning the allegations outlined in the complaint. I investigated the products offered by Defendant and the representations that Defendant makes regarding its products on its website and elsewhere. I discussed the investigation with my colleague, Rachel Miller, and we structured my investigation in light of the representations that Defendant makes.

6. Pursuant to my investigation, I researched the investigation conducted by Mamavation, in which Leah Segedie, a consumer activist, commissioned Galbraith Laboratories to test various brands of period underwear. I was previously aware of Segedie and her work as a consumer activist. Based on my research on chemicals in consumer products and the representations that Defendant makes concerning its products, I formed an opinion that the Mamavation investigation was appropriate for the type of products at issue.

5. I conducted extensive legal research into the basis for legal claims and discussed the basis for potential claims with Ms. Miller. Prior to filing the complaint, I was aware of legal authority concerning analogus allegations relying on third-party testing.

6. I spoke with Ms. Rivera and Ms. Franz, and based on my factual and legal research, I formed an opinion that they had meritorious claims.

7. I collaborated with Ms. Miller in drafting the complaint.

8. I have carefully reviewed correspondence from Defendant and consistently conducted research regarding their assertions. This research included reviewing the non-binding district court case from the Central District of California, *Andrews v. Procter & Gamble Co.*, 2019 WL 6520045, at *1 (C.D. Cal. June 3, 2019). Ms. Miller and I believed that the original complaint already stated plausible claims, but we decided to amend the complaint by right to strengthen the allegations.

9. On April 7, 2022, the First Amended Complaint in the above-entitled matter was filed.

10. Defendant communicated its position that it still disputed the allegations and threatened to file a Rule 11 motion if Ms. Miller and I did not withdraw the complaint. After conducting further factual and legal research, I viewed Defendant's position as lacking merit, and I told Ms. Miller that I viewed Defendant's techniques as a bullying tactic. Ms. Miller indicated that she had independently made a similar assessment.

11. I also discussed Defendant's correspondence, including its threat to file a Rule 11 motion, with the managing partner of my firm, L. Timothy Fisher.

12. I have further researched the intricacies of the Mamavation investigation, including the testing methodology used by Galbraith Laboratories.

13. From my prior and ongoing research, I maintain my opinion that the filing of the complaint was consistent with my duties under Rule 11.

1   I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and accurate.

Executed on June 24, 2022 at Walnut Creek, California.

By: __/s/ Sean L. Litteral__
      Sean L. Litteral