1 | **BURSOR & FISHER, P.A.**
Sean L. Litteral (State Bar No. 331985)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: slitteral@buror.com

**BURSOR & FISHER, P.A.**
Rachel L. Miller (*pro hac vice* forthcoming)
701 Brickell Ave., Suite 1420
Miami, FL 33131
Tel: (305) 330-5512
Facsimile: (305) 676-9006
E-mail: rmiller@bursor.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMMA RIVERA and MARISA FRANZ, individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br>   v.<br><br>KNIX WEAR INC.,<br><br>               Defendant. | Case No. 5:22-cv-02137-EJD<br><br>**DECLARATION OF RACHEL L. MILLER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RULE 11 SANCTIONS** |

MILLER DECL. ISO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
FOR RULE 11 SANCTIONS, CASE NO. 5:22-cv-02137-EJD

I, Rachel Miller, declare as follows:

1. I am an attorney at the law firm of Bursor & Fisher, P.A., counsel to Plaintiffs Gemma Rivera and Marisa Franz. I make this declaration in support of Plaintiffs' Opposition to Defendant's Motion for Rule 11 Sanctions. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

2. I focus my practice on consumer protection. As a result, I have extensive knowledge concerning the area of consumer protection, including legal jurisprudence, policy, and consumer-driven campaigns and movements.

3. The complaint in the above-entitled matter was filed on April 4, 2022.

3. Prior to filing the complaint, I conducted extensive research regarding consumers' concern about harmful substances in consumer products, including per- and polyfluoroalkyl substances ("PFAS"). My interest in PFAS began in June 2021, when a study by the University of Notre Dame was published regarding the widespread use of PFAS in cosmetics.

4. Prior to filing the complaint, I reviewed several sources concerning harmful substances in consumer products.

5. I also conducted other factual research concerning the allegations outlined in the complaint. I investigated the products offered by Defendant and the representations that Defendant makes regarding its products on its website and elsewhere. I discussed the investigation with my colleague, Sean L. Litteral, and we structured my investigation in light of the representations that Defendant makes.

6. Pursuant to my investigation, I researched the investigation conducted by Mamavation, in which Leah Segedie, a consumer activist, commissioned Galbraith Laboratories to test various brands of period underwear. I learned about Mamavation's achievements in the realm of consumer health activism. Based on my research on chemicals in consumer products and the representations that Defendant makes concerning its products, I formed an opinion that the Mamavation investigation was appropriate for the type of products at issue.

5. I conducted extensive legal research into the basis for legal claims and discussed the basis for potential claims with Mr. Litteral. Prior to filing the complaint, I was aware of legal authority concerning analogus allegations relying on third-party testing.

6. I independently investigated this matter, including legal and factual research. I also discussed the factual and legal basis of Ms. Rivera's and Ms. Franz's claims with Mr. Litteral. Based on these efforts, I formed an opinion that they had meritorious claim.

7. I collaborated with Mr. Litteral in drafting the complaint.

8. I have carefully reviewed correspondence from Defendant and consistently conducted research regarding their assertions. This research included reviewing the non-binding district court case from the Central District of California, *Andrews v. Procter & Gamble Co.*, 2019 WL 6520045, at *1 (C.D. Cal. June 3, 2019). Mr. Litteral and I believed that the original complaint already stated plausible claims, but we decided to amend the complaint by right to strengthen the allegations.

9. On April 7, 2022, the First Amended Complaint in the above-entitled matter was filed.

10. Defendant communicated its position that it still disputed the allegations and threatened to file a Rule 11 motion if Mr. Litteral and I did not withdraw the complaint. I discussed the matter with Mr. Litteral, and he explained that he viewed Defendant's positions as lacking merit. After conducting further factual and legal research, I disagreed with Defendant's positions and viewed many of their assertions as entirely unsupported. In light of our research, Mr. Litteral and I discussed the possibility that Defendant threatened a Rule 11 motion as a bullying tactic.

12. I have further researched the intricacies of the Mamavation investigation, including the testing methodology used by Galbraith Laboratories.

13. From my prior and ongoing research, I maintain my opinion that the filing of the complaint was consistent with my duties under Rule 11.

1  I declare under penalty of perjury under the laws of the State of California and of the United

2  States of America that the foregoing is true and accurate.

3  Executed on June 24, 2022 at Miami, Florida.

_____
Rachel Miller