1  Michael M. Maddigan (SBN 163450)
   **HOGAN LOVELLS US LLP**
2  1999 Avenue of the Stars, Suite 1400
   Los Angeles, CA  90067
3  Telephone: + 1 (310) 785-4600
   Facsimile:  + 1 (310) 785-4601
4  michael.maddigan@hoganlovells.com

5  Lauren S. Colton (admitted *pro hac vice*)
   Marc A. Marinaccio (admitted *pro hac vice*)
6  **HOGAN LOVELLS US LLP**
   100 International Drive, Suite 2000
7  Baltimore, MD 21202
   Telephone: +1 410 659 2700
8  Facsimile: +1 410 659 2701
   lauren.colton@hoganlovells.com
9  marc.marinaccio@hoganlovells.com

10 Attorneys for Defendant KNIX WEAR INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMMA RIVERA and MARISA FRANZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KNIX WEAR INC.,<br><br>Defendant. | Case No. 5:22-cv-02137-EJD<br><br>Hon. Edward J. Davila<br><br>**KNIX WEAR INC.'S STATEMENT TO SHOW CAUSE WHY MOTIONS SHOULD NOT BE TERMINATED WITHOUT PREJUDICE**<br><br>**Re: ECF Nos. 12, 14, 35** |

Defendant Knix Wear Inc. ("Knix") submits this statement in response to the Court's Order to Show Cause as to why Knix's pending motions should not be terminated without prejudice (ECF No. 68). Knix respectfully submits that it would be inappropriate to terminate Knix's motion for sanctions (ECF No. 14), motion to dismiss (ECF No. 12) and motion to stay discovery (ECF No. 35) while this case remains open and Plaintiffs' amended complaint (ECF No. 9) remains operative.

1. Plaintiffs Gemma Rivera and Marisa Franz filed this lawsuit in April 2022.

2. After providing notice to Plaintiffs' prior counsel, Knix promptly filed a Motion for Sanctions under Rule 11 asking the Court to strike or disregard certain of Plaintiffs' allegations of purported fact that Knix contends were filed without reasonable inquiry by their counsel. (ECF No. 14). Knix also filed a separate Motion to Dismiss the complaint premised, at least in part, on the request set forth in Knix's Rule 11 motion to strike the improper allegations. (ECF No. 12). Although Knix believes the complaint fails to state a plausible claim for relief under Rule 12(b)(6) for a number of independent reasons, one reason is that the complaint relies entirely on improper allegations made without reasonable inquiry. If the Rule 11 motion is granted and those allegations are stricken, then the entire complaint fails and should be dismissed. Both motions have been fully briefed since August 24, 2022 and remain pending. (ECF Nos. 20-21, 38).

3. After Knix filed its motions, Plaintiffs issued discovery requests to Knix and also served a deposition subpoena on a third party. Given the strength of its dispositive motions, Knix filed a motion to stay discovery to avoid incurring additional litigation costs in this case. (ECF No. 35). That motion also is fully briefed and pending.

4. This case remains open, the amended complaint that is subject to Knix's motions remains operative and both Plaintiffs are still parties to the case. Plaintiff Rivera is a *pro se* plaintiff, and Plaintiff Franz is represented by counsel. To date, neither Plaintiff has sought to amend the complaint to withdraw the allegations that are subject to Knix's Rule 11 motion.

5. In accordance with the Court's instructions, Knix has engaged in ongoing good-faith discussions with Plaintiffs and the Magistrate Judge assigned to this case in an effort to reach

a resolution of Plaintiffs' claims.  If the Parties are able to reach a resolution, Knix anticipates that it would include the withdrawal of Knix's pending motions.

6. While this case remains pending and the current complaint remains operative, however, Knix strongly objects to the termination of its motions.

Date:  August 14, 2023                                   HOGAN LOVELLS US LLP


                                                         By: */s/ Lauren S. Colton*
                                                             Lauren S. Colton
                                                             Attorney for Defendant
                                                             KNIX WEAR INC.